UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEROME SWARTZ,                                                   17-CV-5914

                Plaintiff,                        COMPLAINT

     -against-                                               Jury Trial Demanded

UNITED STATES OF AMERICA,

                Defendant.
-----------------------------------------------------------------X

       Plaintiff, JEROME SWARTZ, by his attorneys, Tenenbaum Law, P.C., complaining of Defendant herein, alleges, upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to 26 U.S. C. §7422 against Defendant, UNITED STATES OF AMERICA, seeking a refund of federal income tax that was erroneously or illegally collected by Defendant and the refund of which was erroneously or illegally denied by Defendant.

## JURISDICTION

2. The jurisdiction of this Court is invoked under the laws of the United States, including 26 U.S.C. § 7422. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1346(a)(1) and 1331.

3. The jurisdictional prerequisites to this lawsuit have been completed. Plaintiff filed his claim for refund pursuant to 26 U.S. C. §7422(a). That claim was

subsequently denied by the Defendant.

## VENUE

4. Venue is proper in this judicial district under 28 U.S.C. §§1391(e)(2), (3) and 1402(a)(1) because Plaintiff, JEROME SWARTZ, resides in this judicial district, and because the Defendant is the United States of America.

## PARTIES

5. Plaintiff, JEROME SWARTZ, is a citizen of the United States.   He resides in the County of Suffolk, State of New York.

6. Defendant, UNITED STATES OF AMERICA, is the proper defendant in an action seeking refund of any internal revenue tax pursuant to 26 U.S.C. §7422(f)(1).

## FACTS

7. Plaintiff suffered ordinary losses from the abandonment of two partnership investments in 2010 totaling $4,500,000.00 which resulted in a net operating loss of $3,943,784 for 2010.

8. That net operating loss was carried back to 2008 and 2009, and the unused net operating loss carryover has been carried forward.

9. This litigation involves the net operating loss carry back to 2009.

### CT1 Holdings, LLC

10. On or about August 23, 2007, Plaintiff made an equity investment of $1,500,000.00 in CT1 Holdings, LLC ("CT1").

11. On or about May 30, 2008, Plaintiff assigned his equity interest in CT1 to Sound Point Investments I, LLC ("Sound Point I"), a wholly owned limited liability company.

12. During 2010, the investment in CT1 became worthless.

13. On its 2010 Form 1065, Sound Point I claimed an abandonment loss of $1,500,000.00 under 26 U.S.C. §165 with respect to CT1.

14. Plaintiff was issued a 2010 Form K-1 from Sounds Point I which reflected the $1,500,000.00 abandonment loss in Box 11 F.

15. Plaintiff properly reported the $1,500,000.00 abandonment loss on his 2010 Form 1040.

16. Plaintiff properly carried back that loss to 2009 by amending his 2009 Form 1040.

### Alliance Film Finance, LLC

17. On or about October 26, 2007, Plaintiff made an investment of $750,000.00 in Alliance Film Finance, LLC ("Alliance").  On the same date, the Jerome Swartz Irrevocable Family Trust (the "Grantor Trust"), a grantor trust which Plaintiff created on or about February 10, 1997, made an investment of $250,000.00 in Alliance.

18. On or about May 30, 2008, Plaintiff assigned his equity interest in Alliance to Sound Point I.

19. During 2010, the investment in Alliance became worthless.

20. On its 2010 Form 1065, Sound Point I claimed an abandonment loss of

$750,000.00 under 26 U.S.C. §165 with respect to Alliance.

21. Plaintiff was issued a 2010 Form K-1 from Sounds Point I which reflected the $750,000.00 abandonment loss in Box 11 F.

22. Plaintiff properly reported the $750,000.00 abandonment loss on his 2010 Form 1040.

23. On its 2010 Form 1041, the Grantor Trust claimed an abandonment loss of $250,000.00 under 26 U.S.C. §165 with respect to Alliance.

24. Pursuant to the terms of the Grantor Trust instrument, all income of the Grantor Trust was taxable to the Grantor, Plaintiff, pursuant to 26 U.S.C. §§671 through 678.

25. Plaintiff properly reported the $250,000.00 abandonment loss on his 2010 Form 1040.

26. Plaintiff properly carried back those losses to 2009 by amending his 2009 Form 1040.

## "Love Ranch"

27. On or about March 20, 2008, Plaintiff made an equity investment of $2,000,000.00 in a motion picture entitled "Love Ranch".

28. On or about May 30, 2008, Plaintiff assigned $750,000.00 of his equity interest in "Love Ranch" to Sound Point Investments III, LLC ("Sound Point III"), a wholly owned limited liability company.

29. On or about May 31, 2008, Plaintiff assigned a percentage of his equity interest in

        Sound Point III to the Jerome Swartz Qualified Annuity Trust No. 3 U/A/D 5/31/2008 (the "Annuity Trust").

30. During 2010, that investment became worthless.

31. On its 2010 Form 1065, Sound Point III claimed an abandonment loss of $750,000.00 under 26 U.S.C. §165 with respect to Alliance.

32. Plaintiff was issued a 2010 Form K-1 from Sounds Point III which reflected the $479,813.00 abandonment loss in Box 11 F.

33. Plaintiff properly reported the $479,813.00 abandonment loss on his 2010 Form 1040.

34. On its 2010 Form 1041, the Annuity Trust claimed an abandonment loss of $270,187.00 under 26 U.S.C. §165 with respect to "Love Ranch".

35. Pursuant to the terms of the Annuity Trust instrument, all income of the Annuity Trust was taxable to the Grantor, Plaintiff, pursuant to 26 U.S.C. §§671 through 678.

36. Plaintiff properly reported the $270,187.00 abandonment loss on his 2010 Form 1040.

37. Plaintiff claimed an abandonment loss of $1,250,000.00 under 26 U.S.C. §165 with respect to "Love Ranch" on his 2010 Form 1040.

38. Plaintiff properly carried back those losses to 2009 by amending his 2009 Form 1040.

## AS AND FOR A CAUSE OF ACTION

39. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

40. Plaintiff duly filed his claim for refund with the Internal Revenue Service on or about October 15, 2014 as required by 26 U.S.C. §7422(a).

41. More than 6 months have expired since that date of filing as required by 26 U.S.C. §6532(a).

42. Plaintiff has satisfied all prerequisites to bring this action required by 26 U.S.C. §§7422(a) and 6532(a).

43. On October 15, 2015, the IRS notified Plaintiff that it disallowed the claim for a refund on the grounds that the Defendant was "unable to verify the losses claimed on Form 4797 in 2010. Therefore, [the Defendant] cannot allow the Net Operating Loss carried back to 2009."

44. Plaintiff timely filed a formal protest of the Defendant's denial on or about November 16, 2015.

45. The formal protest is being processed by the Internal Revenue Service Appeals Office located at 1600 Stewart Avenue, Suite 210, Westbury, NY 11590. No response to Plaintiff's formal protest has yet been received.

46. Pursuant to 26 U.S.C. § 6532(a), the Plaintiff was required to file the within action no later than October 15, 2017.

47. Plaintiff has been damaged in the amount of $292,324.00, plus prejudgment and

      post judgment interest.

    WHEREFORE, plaintiff requests this court to:

a.    Award plaintiff Award the plaintiff judgment in the amount of $292,324.00, plus prejudgment and post judgment interest; and

b.    Award plaintiff reasonable litigation costs of suit incurred in this action pursuant to 26 U.S.C. §7430; and

c.    Award plaintiff such other and further relief as this court may deem just and proper.

    Plaintiff demands a jury trial.

Dated: Melville, New York  
       October 10, 2017

                                      Respectfully submitted,

                                      TENENBAUM LAW, P.C.  
                                      Attorneys for Plaintiff  
                                      534 Broadhollow Road, Suite 301  
                                      Melville, NY 11747  
                                      (631) 465-5000

                                      By: _____/s/_____  
                                      JENNIFER ANN WYNNE (JW4428)